OPINION
The defendant-appellant, Daniel L. Hay ("the appellant"), brings this appeal from a judgment of sentence of the Union County Court of Common Pleas, Criminal Division. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. On March 3, 2000, the appellant allegedly physically and sexually abused a two year-old child.[1] According to the record, at the time of the offenses the appellant and his girlfriend, Sarah Watkins, were house-sitting and babysitting for a friend. Present in the home at the time was Sarah's son, Thomas, and the homeowner's daughter. At approximately 10:30 a.m., Sarah left the home to pick up a few items from the store. Sometime shortly thereafter, the appellant physically and sexually abused Thomas. According to the record, the appellant masturbated the child, performed fellatio on the child, and repeatedly struck the child in the head with his hand. When Sarah returned from the store, she discovered bruising and swelling about Thomas' face, legs, and pubic region. Thomas was taken to a hospital where he was treated for his injuries.
In March 2000, the appellant was indicted by the Union County Grand Jury on one count of rape, in violation R.C. 2907.02(A)(1)(b), a felony of the first degree, one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree, one count of kidnapping, in violation of R.C. 2905.01(B)(2), a felony of the first degree, and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.
Pursuant to a negotiated plea agreement, the appellant pleaded guilty to one count of felonious assault, one count of kidnapping, and one count of gross sexual imposition. The appellant entered an Alford Plea to the charge of rape. Pursuant to the plea agreement, the State dismissed the "force" specification from the rape charge.
On June 2, 2000, a sexual predator hearing was held. At the conclusion of the hearing, the appellant was adjudicated a sexual predator pursuant to the criteria set forth in R.C. Chapter 2950. A sentencing hearing was held in which the appellant was sentenced to a term of imprisonment of ten years for the charge of rape, seven years for the charge of felonious assault, seven years for the charge of kidnapping, and four years for the charge of gross sexual imposition. The trial court ordered all of the sentences to run consecutively. In total, the appellant was sentenced to a term of imprisonment of twenty-eight years. The appellant filed a timely notice of appeal to this Court.
In State v. Hay (Dec. 19, 2000), Union App. No. 14-2000-24, unreported, we affirmed in part and reversed in part the decision of the trial court. We affirmed the appellant's convictions for rape, gross sexual imposition, felonious assault, and kidnapping. We held, however, that the trial court had failed to make the necessary findings for imposing the maximum sentence for the crime of rape. We also held that the trial court had failed to make the necessary findings for imposing consecutive terms of imprisonment. Therefore, we remanded the cause back to the trial court for a new sentencing hearing.
On January 4, 2001, a new sentencing hearing was held in the Union County Court of Common Pleas. At the conclusion of the hearing, the appellant was sentenced to a term of imprisonment of ten years for the charge of rape, seven years for the charge of felonious assault, seven years for the charge of kidnapping, and four years for the charge of gross sexual imposition. The trial court ordered all of the sentences to run consecutively. In total, the appellant was sentenced to a term of imprisonment of twenty-eight years.
The appellant now appeals, asserting the following sole assignment of error for our review.
 Assignment of Error
The lower court failed to properly consider and apply the Senate Bill Two sentencing guidelines.
In his sole assignment of error, the appellant maintains that the trial court erred in imposing upon him the maximum sentence for the crime of rape. Specifically, the appellant maintains that the trial court failed to make the required findings and set forth its reasons for imposing the maximum sentence of ten years in prison for the charge of rape. The appellant also maintains that the trial court failed to make the required findings and set forth its reasons for imposing consecutive terms of imprisonment. For the following reasons, we do not agree.
R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that: "(a) the record does not support the sentence; * * * [or] (d) * * * the sentence is otherwise contrary to law."
Due to the July 1, 1996, enactment of the Senate Bill 2, Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno
(June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (June 23, 1999), Allen App. No. 1-98-81, unreported. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence. Bonanno, supra, at 6.
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C.2929.14(E) states, in pertinent part, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Additionally, the trial court must comply with R.C. 2929.19(B)(2)(c), which states, in pertinent part, as follows:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
 Under Ohio felony sentencing law, a trial court also must make certain findings prior to sentencing a defendant to a maximum sentence. R.C. 2929.14(C) states, in pertinent part, as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 Additionally, the trial court must comply with R.C. 2929.19(B)(2)(d), which states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
 In the case before us, a review of the transcript of the sentencing hearing reveals that the trial judge did find, on the record, that the appellant had committed the worst form of the offense and that he posed the greatest likelihood of committing future crimes. Therefore, the record indicates that the trial court made the necessary findings as required under R.C. 2929.14(C) at the sentencing hearing to impose the maximum sentence for the crime of rape.
The transcript of the sentencing hearing also reveals that the trial court did find that the imposition of consecutive sentences was necessary to protect the public from future crime and that the imposition of consecutive sentences was not disproportionate to the seriousness of the appellant's conduct and to the danger he posed to the public. The trial judge also noted that the appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the appellant. Therefore, the record indicates that the trial court made the necessary findings as required under R.C. 2929.14(E)(4) at the sentencing hearing to impose consecutive terms of imprisonment.
The transcript of the sentencing hearing also reveals that the trial court properly considered the seriousness and recidivism factors enumerated in R.C. 2929.12 in support of its decision to impose the maximum sentence for rape and the consecutive terms of imprisonment. An adequate factual explanation setting forth the basis for those findings appears on the record. Therefore, the trial court properly stated its reasons for imposing the maximum sentence for the offense of rape as well as its reasons for imposing consecutive sentences upon the appellant.
Accordingly, the appellant's sole assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS, P.J., and BRYANT, J., concur.
[1] At the time of the incident, the victim was twenty-three months old.